UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00149-GNS

SAMANTHA YOUNG                                                                                      PLAINTIFF

v.

BANK OF AMERICA, N.A.; and
EQUIFAX INFORMATION SERVICES, LLC                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 11). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.  BACKGROUND

This action is brought by Plaintiff Samantha Young ("Plaintiff") against Defendants Bank of America, N.A. ("BANA") and Equifax Information Services, LLC ("Equifax") (collectively "Defendants"). (Compl. ¶¶ 2-8, DN 1). Plaintiff was a customer of BANA and agreed to settle an account for $13,500 on August 1, 2017. (Compl. ¶ 16). Plaintiff states that she completed the agreed payment plan on August 1, 2019. (Compl. ¶ 17). On May 5, 2020, Plaintiff received her credit report from Equifax and noticed the BANA account was reported as "charged off", which Plaintiff alleges is inaccurate. (Compl. ¶¶ 18-20). On June 1, 2020, Plaintiff issued a dispute to Equifax, which in turn notified BANA of the dispute. (Compl. ¶¶ 23, 25). As of June 2020, Plaintiff alleges the account was still listed as charged off. (Compl. ¶ 27).

Plaintiff claims Equifax violated the Fair Credit Reporting Act ("FCRA") by failing to assure the accuracy of the credit reports filed. (Compl. ¶¶ 33-46). Plaintiff states BANA violated

the FCRA by failing to investigate and correct the purportedly false information filed by Equifax. (Compl. ¶¶ 47-53).

BANA has asked this Court to dismiss the Complaint because: (1) the reporting of the account was accurate; and (2) Plaintiff does not have standing to bring this claim. (Def.'s Mem. Supp. Mot. Dismiss 3-9, DN 11-1). The motion is ripe for adjudication.

## II.  STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss for failure to state a claim the complaint must contain sufficient facts that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated legal conclusions must be supported by factual allegations. *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III.  DISCUSSION

### A.  Standing

As a threshold matter, the Court must first address whether Plaintiff has standing to bring this claim under the FCRA. BANA argues Plaintiff does not have standing because Plaintiff has not alleged a particular and concrete injury. (Def.'s Mem. Supp. Mot. Dismiss 7).

Article III of the United States Constitution provides that federal courts only have the power to adjudicate actual "cases" and "controversies." U.S. Const. art. III, § 2. As such, for a case to be justiciable under Article III, a litigant must demonstrate his or her standing to sue. *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (citations omitted). To establish standing, a federal court must be satisfied that "the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction."

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).

Moreover, "standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." *Nat'l Rifle Ass'n of Am. v. Magow*, 132 F.3d 272, 279 (6th Cir. 1997) (citations omitted). An injury-in-fact is one that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical . . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

In this case it is apparent that Plaintiff has pleaded the requisite injury in fact. Plaintiff has not merely alleged a "bare procedural violation, divorced from any concrete harm . . . ." *Spokeo v. Robins*, 136 S. Ct. 1540, 1549 (2016). Plaintiff claims that Defendants' inaccurate description of the credit report and the fact that it was not corrected resulted in Plaintiff suffering economic loss and damage to her reputation. (Compl. ¶¶ 49-50; *see also* Pl.'s Resp. Def.'s Mot. Dismiss 4, DN 14). Thus, this alleged injury is clearly particularized, as the economic and credit losses impact Plaintiff "in a personal and individual way . . . ." *Spokeo*, 136 S. Ct. at 1548 (citations omitted).

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* at 1548 (citing *Black's Law Dictionary* 479 (9th ed. 2009)). The usual meaning of the term is "real," or not "abstract." *Id.* (citing *Webster's Third New International Dictionary* 472 (1971); *Random House Dictionary of the English Language* 305 (1967)). The inability to obtain credit because of inaccurate reporting of a debt is a *real* injury. Plaintiff has not alleged that she is suing simply because the FCRA was violated; she alleges the FCRA was violated, and that economic losses and other damages have resulted from this violation.

Therefore, the Court finds that Plaintiff has sufficiently pleaded an injury-in-fact and has standing to bring her claim in this Court.

    **B.**     <u>**Fair Credit Reporting Act Violation**</u>

The FCRA was enacted "to promote 'efficiency in the Nation's banking system and to protect consumer privacy.'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 781 (W.D. Ky. 2003) (quoting 15 U.S.C. § 1681(a)). The FCRA places distinct obligations on Credit Reporting Agencies ("CRA"), users of consumer reports, and furnishers of information to consumer reporting agencies. *Id.* at 782 (citations omitted). Furnishers of financial information to CRAs, like BANA and Equifax, have the responsibility to refrain from reporting inaccurate information and to correct inaccurate information. *See* 15 U.S.C. § 1681s-2(a). An affected consumer is permitted to "bring a private cause of action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA." *Stafford*, 262 F. Supp. 2d at 783.

After being notified of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," a CRA shall:

> (A)    conduct an investigation with respect to the disputed information;
> (B)    review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C)    report the results of the investigation to the consumer reporting agency;
> (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E)    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> > (i)    modify that item of information;
> > (ii)    delete that item of information; or
> > (iii)    permanently block the reporting of that item of information.

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018) (quoting 15 U.S.C. § 1681s-2(b)(1)).

BANA argues that their reporting is accurate, and this is an absolute defense to Plaintiff's claim. (Def.'s Mem. Supp. Mot. Dismiss 3-7). BANA continues to report the account as charged off, but BANA has also updated the balance owed to zero. (Def.'s Mot. Dismiss Ex. A, DN 11-2). Plaintiff points to BANA's own motion where in one footnote a "charge-off" was described as a debt unlikely to be collected because the borrower is delinquent and the next footnote describes a debt that has been charged off as still collectible. (Pl.'s Resp. Def.'s Mot. Dismiss 4).

The meaning of inaccurate information under 15 U.S.C. § 1681s-2(b)(1) is the key point in this case. "A report is inaccurate when it is patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557, 570 (E.D. Ky. 2006) (emphasis added) (citing *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

Labeling the account as "charged off" could be considered accurate. There does not appear to be a dispute that the account was settled for a negotiated amount on August 1, 2017. (Compl. ¶ 16). It also does not appear to be disputed that the settlement amount was paid in full. (*See* Compl. ¶ 17; *see also* Def.'s Mot. Dismiss Ex. A (BANA updated the account to a zero balance)). The key issue is not whether the reported charge-off is patently incorrect, but whether it was misleading in a way that could have been expected to negatively impact Plaintiff. *See Poore*, 410 F. Supp. 2d at 570 (citation omitted).

Although "charged off" could be a technically accurate description, it is also plausible that the description could be considered misleading. In *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938 (6th Cir. 2020), the Sixth Circuit held there was no plausible way for the language used to have a

5

negative impact because it did not come with a negative connotation. *See id*. at 945 ("'[T]he plain meaning' of the word 'accident' 'has long maintained no negative connotation regarding fault, it is not plausible that Uber interpreted the report [with a negative connotation] . . . .'"). The "charged off" language used here may plausibly come with a negative connotation. In its own motion, BANA has given two examples where the description "charged off" is associated with a negative connotation of delinquent debt. (Def.'s Mem. Supp. Mot. Dismiss 4-5 n.2).

"[The] report [could be] misleading–which is to say, that it is not as accurate as it could have been . . . ." *Twumasi-Ankrah*, 954 F.3d at 945 (Kethledge, J., concurring) (citation omitted). "Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading." *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). By not altering the report after the entire account was paid in full, it is plausible the reported information is misleading in a way that has negatively impacted Plaintiff. *See Poore*, 410 F. Supp. 2d at 570 (citation omitted).

Accordingly, Plaintiff has provided sufficient factual detail to prove a plausible harm and make out a cause of action under the FCRA. *See* Fed. R. Civ. P. 12(b)(6). BANA's motion will be denied on this basis.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 11) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

May 13, 2021

cc: counsel of record